in the case against her. This case involved two charges of conspiracy to distribute fentanyl in the District of Nebraska. There were three evidentiary rulings that we've appealed. One had to do with an admission of a five-pound bag of methamphetamine that was allowed into evidence. The other had to do with an admission of a five-pound bag of methamphetamine that was allowed into evidence. And also there was a two empty prescription bottles that were found in the home of the defendant that was offered into evidence. These prescription bottles had no markings on them, not dated. There was nothing in them. The objections were as to relevancy. Council filed a or made a motion or a motion for an order in limine prior to the admission of the case. And then secondly, we objected during the trial on the issue of relevancy as to the five-pound bag of methamphetamine, and then also relevancy as to the bottles. The judge determined that these constituted intrinsic evidence and that they were relevant because they provided context to the case and they explained events before and during the arrest of the defendant. This happened during a search of her home and she was cohabitating with her boyfriend, Monroe, who was a substantial drug dealer. And it was later determined that this meth was actually his stuff and not my client's. But the court found that it was intrinsic evidence. And I, after doing lengthy research on this, I agree that this probably does constitute intrinsic evidence in that. However, we feel that the judge abused the discretion and erred by allowing this into evidence. Under Rule 403, the probative value was outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury. Let me, with respect to the pill bottles, I understand your argument about them being not necessarily relevant, but I don't see how they're very harmful. And then the flip side, the methamphetamine, seems to me to be pretty relevant and very harmful. So can you address that? Well, imagine a jury sit on a case involving fentanyl and seeing a five-pound bag of meth sitting in front of them. And leading up to the trial, I'm sure that these jurors have seen many a times in the news how thousands and thousands of Americans have died from meth overdose. And so you have to figure that that had some impact on the jury. Yeah, I think I conceded that. But it also seems highly relevant because it's another drug. I'm not sure why it wasn't charged. And that's, I think, because it was determined that my client's boyfriend, he was the main focus of the investigation. And she unfortunately had an occasion where she gave some fentanyl to somebody who had a serious attack. And that's how she got charged for the fentanyl. But we feel that it was reasonably likely that this did play, the meth played a material role in the jury deliberation in finding my client guilty of the charges. There's a third item of evidence. It was a statement that was allowed into evidence that we felt there was absolutely no foundation provided by the government. This had to do with a witness that said that my client, people looking for her boyfriend could contact my client and she would know how to contact him. There was absolutely no foundation laid, no dates, places, names of people, circumstances. The judges totally let that evidence into the record. Now, I know that the government's going to argue that admission of this evidence constitutes a harmless error. And I would argue this, that the meth provided a shock value to the case. It artificially buttressed the government's theory of the case, that it confused the issues. The jury had to wonder, how does meth play into the distribution of fentanyl at this trial? And it would have misled the jury because the jury found her guilty, probably in part because of the admission of the meth into the evidence before them. We did make a motion for acquittal that was denied, and we feel that this was an error by the court, too, because without this intimate evidence, the government's case probably would not have been sustained by the jury in that, and we feel that it should be dismissed. Thank you. The judge obviously admitted the evidence over your objection, right? Were you the trial lawyer? Correct, Your Honor. Did the judge think it was res gestae? Well, he called it intrinsic evidence. He called it intrinsic evidence?  Okay. And I generally agree with that, his conclusion, that it was. The question becomes, did it violate the directive of Rule 403? I see. Because we found it was highly unfair. So you're really arguing 403, not irrelevance? Correct. I see. Okay. Thank you. Is that all you have? Well, for now, I'll turn it over. You may reserve. Yes, you may. Three minutes. Thank you. Ms. Bunger, we'll hear from you. May it please the Court, counsel. The charges in this case were a serious bodily injury where the defendant was part of distributing fentanyl where the victim came in and testified she overdosed and would have died but for giving Narcan. The entire evidence and focus of this case was based on fentanyl. The only time the methamphetamine was even brought up was during the search warrant evidence testimony, and the evidence was to a law enforcement officer basically what was found at the residence. And it was literally, we found in the laundry room right next to the defendant's bedroom this five pounds of methamphetamine. And there was nothing else said or concerned about the methamphetamine. Why did you offer it then? As part of the intrinsic evidence and complete story of what was found during the entire search warrant of the residence. And it goes to these individuals were selling drugs and this was a drug that was being sold out of their residence, the methamphetamine was. You thought it was relevant to help show she was involved in drug distribution? Correct. And it goes to the distributing the meth? Correct. Her co-defendant was. He was charged with it. And the evidence concerning her was completely focused on fentanyl. Did the co-defendant go to trial as well? He did not. He pled guilty. Okay. And the court did find in their ruling and directly stated it was res juste evidence and did a whole quote. And that is in my brief that that is what the district court said.  In addition. But what about the rule 403 point? Even if it comes in as res jeste, if she wasn't charged with it. Understand. It didn't support any. I think I thought you were saying. Well, go ahead. No. The focus of this case goes to fentanyl. There was no misunderstanding or the jury was not confused by just bringing in a piece of evidence that was the methamphetamine. It wasn't argued. There was no implication of her being involved with the methamphetamine. The case was sole evidence was her involvement in the distribution of fentanyl and in the overdose of the victim in this case. That's a slight. Okay. The evidence of the co-conspirator statement is also part of what they argued. And this was a unique situation in which the individual that overdosed became a confidential informant for the Nebraska State Patrol. And after she recovered from the overdose, she worked with government and purchased fentanyl on three separate occasions from the defendant. And all that was audio and video recorded. So the jury got to see not only the witness testifying as her role as a confidential informant, but the defendant selling fentanyl to her. Based on that is when they got the search warrant. And during the search warrant, they found more fentanyl in the bedroom. And, in fact, they found 91 fentanyl pills in the defendant's purse. So the evidence was overwhelming as to the involvement of the fentanyl in this case with both counts of the overdose and the distribution and possession with the intent to distribute fentanyl. Is there any other questions? Apparently not. Thank you for your argument. I appreciate it. Mr. Kozol? Thank you, Judge. The fact of the matter is, I know Ms. Bunger argues about how this meth had really nothing to do with the charges, which raises the question, why did they offer it? Why was it received into evidence by the court? And what would they do to the jury who was listening to the evidence and seeing meth coming into the trial? And then that's what we're saying, that it was confusing the issues and misleading the jury. But I'd like to read this passage and then I'll close my argument. And this has to do with a case that was an acirc case, and it read as follows. Thank you, Judge. Is that case in your brief? It is. Okay, very well. Thank you for your argument. Thank you to both counsel. The case is submitted and the court will file a decision in due course.